UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID JR. DOMINGUEZ,

    Plaintiff,

v.

10 ROADS EXPRESS, LLC, et al.,

    Defendants.

Case No. 24-cv-02409-RS

**ORDER GRANTING MOTION TO REMAND**

Plaintiff filed this putative class action in Alameda Superior Court asserting a variety of state law wage and hour claims against defendant 10 Roads Express, LLC and an individual. Defendants removed to this court, asserting both federal question and diversity jurisdiction. Defendants have withdrawn the claim of diversity jurisdiction, however, and the sole issue now is whether there is a federal question to support removal on that basis. Because there is not, plaintiff's motion to remand will be granted.[1]

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor

---

[1] The hearing was previously vacated when defendant failed to file a timely opposition to the motion, and was provided additional time to do so. Pursuant to Civil Local Rule 7-1(b), the matter is suitable for disposition without oral argument, so the hearing will not be reset.

of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. See 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Here, defendant contends plaintiff's state law claims are preempted by a regulation promulgated by the Federal Motor Carrier Safety Administration ("FMCSA"). Indeed, on December 28, 2018, the FMCSA issued an order concluding that California's meal and rest break laws, as applied to commercial vehicle drivers, are preempted by the FMCSA's regulations. 83 Fed. Reg. 67470; 49 C.F.R. § 395.3.

The Ninth Circuit has subsequently held that the "FMCSA permissibly determined that California's [meal and rest break] rules were State regulations 'on commercial motor vehicle safety, so that they were within the agency's preemption authority.'" *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, 986 F.3d 841, 854 (9th Cir. 2021). Accordingly, defendant may very well have a valid defense that some or all of the state law claims plaintiff is pursuing in this action are preempted by federal law.

It does not follow, however, that removal jurisdiction exists. It is a bedrock, long-settled principle that "a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14, (1983). Where the defense asserts an affirmative defense of preemption, that does not create federal question jurisdiction. The only exception is in cases of "complete preemption," when "the pre-emptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393 (internal quotation marks omitted); see also *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-1045 (9th Cir. 2009) (because plaintiff's state law claims were subject to ordinary

preemption by federal cigarette legislation, but not completely preempted, "defendants' preemption argument should have been brought in the context of attacking the merits of [the plaintiff's] case, rather than as a basis for removing the case").

Complete preemption is rare. It has been recognized by the Supreme Court in only three contexts—(1) § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) § 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a); and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86. *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947–48 n. 5 (9th Cir. 2014). Defendant has offered no tenable basis to find complete preemption here. *See also Lindsey v. WC Logistics, Inc.*, 586 F. Supp. 3d 983, 989 (N.D. Cal. 2022) (rejecting claim that preemption defense based on the same FMCSA ruling supported removal jurisdiction).

Defendant argues plaintiff is effectively contesting the validity of the FMCSA's December 28, 2018, order, which could only have been directly challenged by a timely petition filed in an appropriate court of appeal. Defendant insists it "makes little logical, practical, or legal sense" to remand this matter to a state court that will have no jurisdiction to overturn the FMCSA's order, and therefore no power to do anything other than find the state law claims preempted. The point, however, is that the state court unquestionably has jurisdiction over the case in the first instance, because plaintiff's claims sound in state law and the superior court has general jurisdiction. The superior court has jurisdiction to evaluate and rule on defendant's preemption defense. This court does not. The motion to remand is granted.

**IT IS SO ORDERED**.

Dated: July 11, 2024

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 24-cv-02409-RS

3